CITY OF WACO v. TEXAS LIFE INS. CO.*
(No. 309-3634.)

(Commission of Appeals of Texas, Section B. Feb. 28, 1923.)

1. Taxation ⊚⇒4—States have no power by taxation to control operation of federal laws.

The states have no power by taxation to impede, burden, or in any manner control the operation of the Constitution and laws enacted by Congress to carry into execution powers vested in the general government.

2. Constitutional law ⊚⇒48—Duty of court to construe taxation statute to avoid conflict with federal Constitution.

Rev. St. art. 4764, provides for deduction from the remainder of an insurance company's assets of the value of the real estate owned by it, and the remainder shall be the assessed taxable value of its personal property, and where to construe the statute as to make it possible to have United States bonds exempt from taxation under Rev. St. U. S. § 3701 (U. S. Comp. St. § 6816), in the remainder which is declared to be the assessed taxable value of the company's personal property, would make the statute invalid to that extent; therefore, if it is possible to give it such construction as to avoid a conflict with the federal statutes, it is the court's duty to do so.

3. Constitutional law ⊚⇒48—Duty of court to construe statute to preserve it as a whole.

If there are two possible constructions of a statute, one of which preserves it and one which destroys it in whole or in part, it is the court's duty to give it that construction which preserves it as a whole.

---

**4. Taxation ☞387—Insurance company's property valued for taxation after exempt property deducted; "valued as other property is valued for assessment."**

In Rev. St. art. 4764, providing that all personal property of insurance companies shall be valued as other property is valued for assessment in this state, the words "valued as other property is valued for assessment" means nothing more nor less than that it is to be valued as the property of other persons is valued for assessment, which is by placing a valuation on all property except the exempt and nontaxable property and by eliminating all such property from such valuation.

**5. Taxation ☞7—United States bonds of life insurance company not taxable.**

United States bonds owned by a life insurance company are not taxable whether in or out of the reserve.

**6. Taxation ☞387 — Insurance company not owner of land on which it had only contract liens.**

The possession by an insurance company of contract liens on lands is not such ownership of land within Rev. St. art. 4764, as permits deduction from the total valuation of its assets, real estate owned by the company, to ascertain the remainder which shall be the assessed taxable value of its personal property.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by Texas Life Insurance Company against City of Waco. A judgment for plaintiff was affirmed by the Court of Civil Appeals (228 S. W. 245), and defendant brings error. Affirmed.

Street, Willis & Coston and S. H. Clayton, all of Waco, for plaintiff in error.

Kyle Vick and J. N. Gallagher, both of Waco, for defendant in error.

HAMILTON, J. Plaintiff in error, Texas Life Insurance Company, brought suit against the city of Waco for cancellation of an assessment of taxes made by the city officials. The district court rendered judgment in favor of the plaintiff, and the city of Waco appealed. The Court of Civil Appeals affirmed the judgment of the district court. 228 S. W. 245. The case was presented in the Court of Civil Appeals without a statement of facts upon the trial court's findings of fact and conclusions of law, which, in so far as necessary to a determination of the case, are as follows:

"(3) Shortly after the act of April 24, 1907, took effect, the plaintiff, under and by virtue of the provisions of section 8 of said act (Acts 1907, c. 170), deposited with the treasurer of the state of Texas at Austin, securities covering the entire capital stock of said company, and has continuously from said time maintained such deposit with said state treasurer, and had on deposit with said treasurer on the 1st day of January, 1918, securities consisting of Unit-

ed States bonds, commonly called 'Liberty Bonds,' in the sum of $200,000, being the amount of and representing the entire capital stock of said company.

"(4) On the 5th day of October, 1917, at a meeting of the board of directors of the Texas Life Insurance Company duly and legally held, the following resolution was passed: 'On motion of E. M. Ewing, seconded by E. L. Humphries, the president was authorized to invest the entire capital stock of the Texas Life Insurance Company, amounting to ($200,000.00) two hundred thousand dollars, in Liberty Bonds of the United States, and to deposit the same with the state treasurer at Austin, under the capital stock law'—and said investment, under and by virtue of said authority was duly made, and said bonds so purchased and deposited with the treasurer of the state of Texas, at Austin, as aforesaid, and were on deposit with said treasurer on the 1st day of January, 1918.

"(5) On the 1st day of January, 1918, the entire assets of said Texas Life Insurance Company amounted to $1,470,321.45, which was the full actual market value of said assets, and all the same, and the reserve liabilities of said company on said date amounted in the aggregate to $1,185,054.13, which said reserve liability, deducted from the total assets of said company as aforesaid, left the sum of $285,267.32 as the amount of the aggregate capital stock and surplus funds of said company on said date.

"(6) The city of Waco for the year 1918 assessed all property, real and personal, within said city for the purpose of taxation at an assessed value representing 85 per cent. of its supposed actual market value.

"(7) The plaintiff rendered real property situated in the city of Waco, to the assessor of taxes for said city for the year 1918, which, on said basis of 85 per cent. of its actual market value was equalized at $80,490, as its full assessable value for taxes for the year 1918.

"(8) The plaintiff, Texas Life Insurance Company, claimed that, its capital stock being invested in bonds of the United States, and deposited with the treasurer of the state at Austin on the 1st day of January, 1918, the amount of the same, to wit, $200,000, should be deducted from the aggregate of $285,267.32 as aforesaid, leaving the sum of $85,267.32 as its remaining property to be considered on the question of taxation in said city, for said year, and the same, at 85 per cent. of its actual value, would amount to $72,477.22, and, as the assessed valuation of said real estate so rendered to the city by said plaintiff for said year amounted to more than said sum, plaintiff did not render any personal property, or credits to said city of Waco, for said year.

"(9) The taxing authorities of the city of Waco for said year 1918 entered on the rendition sheet of plaintiff to said city assessor for said year a new item, as follows: 'Credits, $119,350.00.' The plaintiff, by its president, went before the equalization board and the city assessor, and protested against said assessments for supposed 'credits' in the sum aforesaid, as follows:

"'Waco, Texas, August 16, 1918.

"'We, the Texas Life Insurance Company, protest against this assessment for the reason

that our capital stock of ($200,000.00) two hundred thousand dollars, is invested in United States Liberty Bonds, which are exempt from taxation and which are now on deposit in the State Treasury at Austin.

" 'Texas Life Insurance Company,

" 'By John D. Mayfield, President.

" 'Protested in the presence of John C. Walton, C. M. Hubby, and George D. Fields.' "

"The Equalization Board denied the right of plaintiff company to deduct and exclude from its property subject to taxation the said $200,000 Liberty Bonds on deposit with the treasurer of the state at Austin, as aforesaid, and refused to give plaintiff any relief, and refused to extinguish said item of credit, as aforesaid, or to reduce the assessment of the same, refusing the plaintiff the right to deduction for the full amount of its capital stock invested in such nontaxable securities and on deposit at Austin, as aforesaid.

"(10) The tax rate for the city of Waco for the year 1918 was $2 upon the hundred dollars assessed valuation of property, and the taxes on said real estate at said rate was duly entered against plaintiff on the tax rolls of said city for said year, and also the tax on said $119,350 of alleged credits was also entered upon the tax roll of said city against the plaintiff for said year.

"(11) Plaintiff has paid to the city tax collector the full tax so assessed against it, on its said real estate, as aforesaid, but has failed and refused to pay the said tax so assessed against it on said $119,350 of alleged credits, as aforesaid, and has brought this suit to cancel the same and enjoin the collection thereof.

"(12) Of the real estate so rendered by the plaintiff to said city for said year 1918, $26,370 at assessed value was on the 1st day of January, 1918, owned in fee simple by plaintiff and held by record title.

"(13) Of the real estate so rendered by the plaintiff to said city for said year 1918, $9,250 at assessed value was property upon which plaintiff on the 1st day of January, 1918, held vendor's liens for sums largely in excess of the true value of said property, and which had been abandoned by, or surrendered to, plaintiff by the owners thereof, and plaintiff was in actual possession and control of the same in the enforcement of its rights as unpaid vendor, and the parties owing said amounts were insolvent, and plaintiff had to look solely to said property for reimbursement for its debts.

"(14) In addition to the property so rendered by the plaintiff to the city for taxes for said year 1918, plaintiff owned and held real estate outside of the city of Waco of the assessed value of $13,780; the same not being taxable in the city of Waco for any purpose.

"(15) In addition to the foregoing the plaintiff on the 1st day of January, 1918, owned as an investment of its surplus funds $9,000 face value of United States bonds, commonly called 'Liberty Bonds,' and 85 per cent. of the face value of the same amounted to the sum of $7,650.

"(16) The city of Waco and said tax assessor and collector are demanding and claiming against the plaintiff the taxes on the full amount of said assessment of credits, as aforesaid, and will proceed to enforce the collection of the same. if not restrained.

"(17) For the real estate so rendered by the plaintiff to said city for the year 1918, $16,380 at assessed value was property upon which plaintiff, on the 1st day of January, 1918, held liens other than vendor's liens for sums largely in excess of the true value of said property, and which has been abandoned by, or surrendered to, the plaintiff by the owners thereof, and plaintiff was in actual possession and control of the same in the enforcement of its rights as unpaid lienholder, and the parties owing said amounts were insolvent, and plaintiff had to look solely to said property for reimbursement for its debts.

. "(18) Of the real estate so rendered by plaintiff to said city for the year 1918, $8,790 at assessed value was property upon which plaintiff on the 1st day of January, 1918, held vendor's lien for sums largely in excess of the true value of said property, but of which plaintiff had not acquired actual possession on or prior to said date, but the parties owing said amounts were insolvent, and plaintiff had to look solely to said property for reimbursement for its said debts.

"(19) The indebtedness held by plaintiff and secured by liens on the several properties referred to in paragraphs 13, 17, and 18 of these conclusions of fact were all listed as a part of the assets of said company, at their full face value, together with all accrued interest thereon, and formed a part of the total assets of the company, as hereinbefore found, and were so listed and valued in excess of their actual value, because the parties owing the same were all insolvent, and the properties securing the same insufficient to pay said debts in full.

"(20) The remaining real estate so rendered by plaintiff to said city for said year 1918 was property upon which plaintiff held liens other than vendor's liens, but the possession of which had not been acquired by said plaintiff, on or before January 1, 1918, but the parties owing the amounts so secured were insolvent, and plaintiff had to look solely to said property for reimbursement for its debts.

"(21) The conclusions of fact embodied in the judgment in this cause are here adopted as a part of these conclusions of fact, and if there should be any conflict between these conclusions of fact and said conclusions of fact embodied in said judgment, either real or apparent, the findings of fact embodied in said judgment shall control.

## "Conclusions of Law.

"(1) Plaintiff is entitled to deduct the sum of $200,000 from its property which would otherwise be taxable on account of the fact that its capital stock was on the 1st day of January, 1918, invested in United States nontaxable bonds, and deposited in the city of Austin.

"(2) If all of plaintiff's remaining $85,267.23, representing its surplus fund on the 1st day of January, 1918, had been taxable in the city of Waco, its assessed value at the rate of assessment in said city would have been $72,477.22.

"(3) From the same plaintiff is entitled the following deductions:

(a) For real estate owned under full title as aforesaid ........................... $26,370 00
(b) For real estate retaken under vendor's liens, as aforesaid..................... 9,250 00
(c) For real estate outside of the city of Waco, and nontaxable therein....... 13,780 00
(d) For nontaxable liberty bonds held as aforesaid ............................ 7,650 00

Total ................................. $57,050 00

"(4) Deducting said total from the aforesaid sum of $72,477.22 leaves $15,427.22, which the court holds plaintiff should pay taxes on to the city of Waco for the year 1918, as personal property, or credits, and that the assessment of $119,350, as aforesaid, should be reduced to said sum of $15,427.22, and all of the same in excess of said sum should be canceled.

"(5) The court finds that the taxes due the city on said sum at the rate of $2 per hundred for said year 1918 amounts to $308.54, and that the plaintiff should pay the same to the city, and all of the taxes assessed on said $119,350 assessment of credits, as aforesaid, except said sum of $308.54, should be canceled, and plaintiff should have an injunction against the defendants, and each of them, perpetually enjoining them from collecting any part of said tax except the $308.54, as aforesaid.

"(6) Plaintiff is not entitled to any deduction from its taxable property for said year 1918 on the real estate so rendered by it to the city of Waco for said year upon which it had vendor's liens, but the possession of which had not been acquired by plaintiff on or before said date, nor for the real estate so rendered by it to said city for said year on which it had liens other than vendor's liens, notwithstanding it had actual possession of the same, as hereinbefore found, nor for the real estate so rendered by it to the said city for said year, upon which it had liens other than vendor's liens, but the possession of which had not been acquired by said plaintiff on or before said year."

The statute governing the assessment of taxes against insurance companies is article 4764, Rev. St., as follows:

"Insurance companies incorporated under the laws of this state shall hereafter be required to render for state, county and municipal taxation all of their real estate as other real estate is rendered; and all of the personal property of such insurance companies shall be valued as other property is valued for assessment in this state in the following manner: From the total valuation of its assets shall be deducted the reserve, being the amount of the debts of insurance companies by reason of their outstanding policies in gross, and from the remainder shall be deducted the assessed value of all real estate owned by the company and the remainder shall be the assessed taxable value of its personal property. Home insurance companies shall not be required to pay any occupation or gross receipt tax."

[1] It is observed that the statute prescribes that, after the deductions provided for, "the remainder shall be the assessed taxable value of its personal property." This provision is clear, direct, and positive. There is no exception, modification, or method of evasion. If the remainder should include nontaxable property, by reason of pursuance of the preceding terms of the statute, that property, by reason of the unequivocal terms of the last provision quoted, would also be taxable, and the statute would therefore be contrary to the laws of the United States, to that extent.

"All stocks, bonds, treasury notes, and other obligations of the United States, shall be exempt from taxation by or under state or municipal or local authority." U. S. Compiled Statutes, § 6816; R. S. § 3701.

A tax on such property would be a tax upon the exercise of the power of Congress to borrow money, which, if permitted, could be limited in amount only by the discretion of the state, and might therefore be carried to an extent impairing, if not destroying, the efficiency of that power, to the serious detriment of the federal government. The states have no power, by taxation, to impede, burden, or in any manner control the operation of the Constitution and laws enacted by Congress to carry into execution the powers vested in the general government. McCulloch v. Maryland, 4 Wheat. 316, 436, 4 L. Ed. 579; Weston v. City Council of Charleston, 2 Pet. 449, 7 L. Ed. 481. Nor can this inhibition upon the states be evaded by any change in the mode or form of taxation, provided the same result is effected; that is, an impediment to the exercise of a power of the United States is thereby interposed. That cannot be accomplished indirectly which cannot be accomplished directly. Through all such attempts the courts will look to the end sought to be reached, and, if that would trench upon a power of the government, the law creating it will be set aside or its enforcement restrained. Henderson v. Mayor of New York, 92 U. S. 259, 268, 23 L. Ed. 543; Brown v. Maryland, 12 Wheat. 419, 6 L. Ed. 678.

[2-4] To construe the statute in such manner as to make it possible, in such a case, to have United States bonds in the remainder which is declared to be the assessed taxable value of the personal property of the insurance company would therefore be such a construction as to make the statute invalid to that extent. Therefore, if it is possible to give the statute such a construction as to avoid a conflict with the laws of the United States, it is the duty of the court to do so, as it will not be presumed that the Legislature intended to enact a statute contrary to either the state Constitution or the federal Constitution and laws. If there are two possible constructions of the statute, one of which preserves the statute, and one which destroys it, in whole or in part, it is the duty of the court to give it that construction which preserves it as a whole.

"All of the personal property of such insurance companies shall be valued as other prop-

erty is valued for assessment in this state in the following manner."

Then follows the process prescribed for arriving at the taxable value, as shown in the statute quoted. But there can be no "total valuation of its assets" until the personal property shall have been valued. The value of that property cannot be arrived at by the process prescribed after the words "in the following manner." This is true because its value is an element in the "total valuation." Therefore the personal property must be valued before the process following the words "in the following manner" can begin. In making that valuation, the statute says it "shall be valued as other property is valued for assessment in this state." "Valued as other property is valued for assessment" can mean, in this statute, nothing more nor less than "valued as the property of other persons is valued for assessment," and the whole expression can mean nothing but "all the personal property of such insurance companies shall be valued as the property of other persons is valued for assessment in this state." Property of other persons is "valued for assessment in this state," not by valuing their property, irrespective of its exempt or nontaxable character, but is valued by placing a valuation upon all property except the exempt and notaxable property and by eliminating all such property from such valuation. So in order to value the personal property of insurance companies as other property, or as property of other persons is valued for assessment, it is necessary that exempt and nontaxable personal property of insurance companies shall not be valued at all for tax purposes. Then it is proper for insurance companies and assessors, in valuing its personal property for assessment, to leave out United States bonds, because they are nontaxable.

[5] Therefore we conclude that the United States bonds of the Texas Life Insurance Company are not taxable, whether in the reserve or out of the reserve. The statutes of this state do not require that the reserve of life insurance companies shall be a distinct and separate fund, but, in so far as taxation is concerned, the reserve is merely a book account, and cannot be said to be a part of any particular fund wherever such bonds may be located. The statute defines reserve as the amount of the debts of insurance companies by reason of their outstanding policies in gross.

[6] The trial court refused to deduct from the assets of the insurance company the value of real estate to which the company had no title, except contract liens other than vendor's liens upon the property, on which it had paid taxes, and of which it held possession by virtue of surrender of possession by insolvent owners. These facts do not make the insurance company owners of such real estate, and both the trial court and Court of Civil Appeals correctly held that the insurance company was not entitled to the deduction of the values thereof, because the statute does not authorize such deductions unless the company is the owner of the real estate.

We recommend that the judgments of the trial court and Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.