Russell S. HARDIN et al., Petitioners,

v.

CENTRAL AMERICAN LIFE INSURANCE COMPANY, Respondent.

No. A–9645.

Supreme Court of Texas.

Jan. 8, 1964.

Rehearing Denied Feb. 19, 1964.

Brock, Wright, Waters & Galey, Cleddie F. Edwards, Lubbock, H. P. Kucers, City Atty., Dallas, for petitioners.

Nelson, McCleskey & Harriger, Don Graf, Lubbock, with above firm, for respondent.

HAMILTON, Justice.

The respondent, Central American Life Insurance Company, a domestic life insurance company having its home office in Lubbock, Texas, filed this suit to set aside ad valorem tax assessments made upon furniture, fixtures and automobiles owned by the company and located in Lubbock County, Texas, and to enjoin the collection of taxes asserted to be due by reason of such assessments. The taxing units (i. e., state, county, city and school) answered and brought a cross action for delinquent taxes based upon the assessments. Judgment in the trial court was for the taxing units. The Amarillo Court of Civil Appeals reversed and rendered for the respondents. 367 S.W.2d 935.

The respondent insurance company filed rendition sheets for each of the taxable years in question 1956 through 1961, which they assert was in accordance with Article 4.01 of the Insurance Code, V.A.T.S. Typical of such rendition sheets is the one for 1960, which is as follows:

| Assets (per statement) | $6,988,838 | LESS: Real Estate | $ 677,773 |
| Personal property not | | U. S. Bonds | 1,322,045 |
| included in statement | 25,000* | Reserves | 6,159,024 |
| TOTAL ASSETS | $7,013,838 | TOTAL DEDUCTIONS | $8,158,892 |

It can readily be seen that when the deductions are made from the total value of the personal property that the value of the remaining assets would be zero. The "personal property not included in the statement" (see* above) consisted entirely of furniture, fixtures and automobiles against which the taxing units are assessing personal property taxes regardless of deductions.

The decision of this case involves the interpretation or the construction of Article 4.01 of the Insurance Code, which is substantially as follows:

"Insurance companies incorporated under the laws of this State shall * * * be required to render for state, county and municipal taxation all of their real estate as other real estate is rendered. All personal property of such insurance companies * * * shall be valued as other property is valued for assessment in this State in the following manner: From the total valuation of its assets shall be deducted the reserve being the amount of the debts of insurance companies by reason of their outstanding policies in gross, and from the remainder shall be deducted the assessed value of all real estate owned by the company and the remainder shall be the assessed taxable value of its personal property. [All real estate, furniture, fixtures, and automobiles owned by any such company shall be rendered for taxation in the city and in the county where such property is located. All other personal property owned by such company shall be rendered for taxation in the city and county where the principal business office of any such company is fixed by its charter.]" (In brackets added in 1958 amendment.)

The petitioners contend that the total valuation of the insurance company's assets from which the allowed deductions may be made does not include furniture, fixtures and automobiles or tangible property of the insurance company, but only includes intangible assets and that if this construction is not given Article 4.01, then said article is unconstitutional because it provides for an exemption of such personal

property and is in violation of Article VIII, Section 1 of the State Constitution, Vernon's Ann.St., the pertinent part of which is as follows: "* * * All property * * * whether owned by natural persons or corporations * * * shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. * * *"; and Article VIII, Section 2, which is as follows: "* * * and all laws exempting property from taxation other than the property above mentioned shall be null and void." (The property in question is not "above mentioned".)

■ The Court of Civil Appeals held that "all personal property" as used in Article 4.01 means all personal property of every kind and character, including furniture, fixtures and automobiles, that the deductions allowed were to be taken from the total valuation of its assets, including tangibles and intangibles, and that the statute was a valuation statute and not an exemption statute, therefore not in violation of the Constitution. We agree with the Court of Civil Appeals.

Whether or not Article 4.01 makes a distinction between tangible and intangible personal property was decided in another context under another provision of the Insurance Code in City of Dallas v. Texas Prudential Insurance Company, 156 Tex. 36, 291 S.W.2d 693. That case involved the situs of furniture and fixtures for tax purposes. A provision of the Insurance Code provided that "* * * For the purpose of state, county, and municipal taxation, the situs of all personal property belonging to such companies shall be at the home office of such company." In holding that furniture and fixtures, as well as intangible assets, were taxable in the county of the home office of the insurance company, and not in the county where located, the court stated:

"* * * We must give effect to the positive and unambiguous language of the statute." 291 S.W.2d at p. 696.

In the instant case, we must give such effect to the statute. Article 4.01 states that "* * * All personal property of such insurance companies * * * shall be valued as other property is valued for assessment in this State in the following manner: From the total valuation of its assets shall be deducted the reserve * *." When the Legislature utilized the language "all personal property", it could not have meant anything other than that furniture, fixtures and automobiles be included as well as intangible assets.

■ The petitioner taxing units argue that if the intent of the Legislature, prior to 1957, was to treat "all personal property" similarly, that intent is clearly changed by the 1958 amendment and a very definite distinction drawn between tangible and intangible assets. We agree that the Legislature did, by its 1958 amendment, make a distinction between tangible and intangible assets. However, such distinction is only drawn for purposes of locating situs for the different types of assets. Such amendment in no way affected the classification of property to arrive at assessed taxable value of personal property. Although this conclusion seems apparent from the wording of the amendment itself, the Court of Civil Appeals correctly pointed out that the caption and emergency clause show the limited purpose of the amendment to be to change the situs of certain tangible personal property to the place where such property is located. 367 S.W.2d at p. 938.

Petitioners' argument that the construction placed upon Article 4.01 by the Court of Civil Appeals should be avoided because such would be unconstitutional is likewise without merit. We think the question of whether the allowance of the deduction of the reserve from the total evaluation of the insurance company assets amounts to an exemption of property owned by the insurance company and therefore violates Article VIII, Sections 1 and 2, of the Constitution of Texas, was settled

by the case of Republic Insurance Company v. Highland Park Independent School District of Dallas County, 129 Tex. 55, 102 S.W.2d 184.

In that case, the court had before it the construction of Article 5057a, 1925 Revised Statutes, which in substance is now the second paragraph of Article 4.01 of the Insurance Code and deals with domestic fire and casualty insurance companies. That statute was in substantially the same language as the first paragraph of Article 4.01, the substance of which is quoted above. The difference in the two provisions is that the reserves of life insurance companies and fire and casualty insurance companies are defined differently. In both situations the statutes provide for a method of determining the valuation to be placed upon assets of the insurance companies for taxation purposes. This the Legislature clearly had a right to do under the Constitution. The Constitution, after providing that all property shall be taxed in proportion to its value, further provides that such values "shall be ascertained as may be provided by law." Article .VIII, Section 1, Constitution of Texas. The Legislature has simply provided that in arriving at the valuation of assets of an insurance company, account must be given to the reserve.

The question was squarely met in the Highland Park case and it was determined that the statute was a valuation statute, not an exemption statute violative of the Constitution, by this language:

"The question is not one primarily of exemption of property from taxation, but is the fixing of a standard of valuation of personal property for taxation." 102 S.W.2d at p. 193.

We hold that the formula for determining the value of personal property under Article 4.01, as above construed, does not amount to an exemption prohibited by the Constitution of Texas.

The judgment of the Court of Civil Appeals is affirmed.