**GULF INSURANCE COMPANY, Appellant,**

v.

**CITY OF DALLAS et al., Appellees.**

No. 17416.

Court of Civil Appeals of Texas,
Dallas.

Feb. 27, 1970.

Rehearing Denied March 13, 1970.

Ira Lee Allen, Allen & Knuths, Dallas, for appellant.

N. Alex Bickley, City Atty., Fred Bennett, Ted MacMaster, Asst. City Attys., Henry Wade, Dist. Atty., Gerald Weatherly, Asst. Dist. Atty., Dallas, for appellees.

DIXON, Chief Justice.

This suit was filed by appellee City of Dallas in its own behalf and in behalf of Dallas Independent School District, for whom the City is the collecting agent, for personal property taxes, alleged to be due for the year 1967 by appellant Gulf Insurance Company, a fire and casualty insurance company.

The State of Texas in its own behalf and in behalf of Dallas County intervened, claiming that personal property taxes are also due the State and County for the same year.

The facts are undisputed and the appeal involves only questions of law. The City of Dallas and intervenor take the position that Art. 4.01, Vernon's Ann.Civ.St., of the Texas Insurance Code[1] sets out the ex-

---

1. The pertinent part of Art. 4.01 of the Insurance Code is as follows:
   "All personal property of fire insurance companies and casualty insurance companies incorporated under the laws of this State shall be valued as other personal property is valued for assessment in this State, and in the following manner: From the total valuation of their assets shall be deducted the reserves, which reserves shall be computed in such manner as may be prescribed by the rules

clusive method for arriving at appellant's personal property taxes. On the other hand appellant Gulf Insurance Company takes the position that Art. 4.01 of the Insurance Code is not an exclusive method for computing its personal property taxes and that deductions afforded by Art. 7147, V.A.C.S.,[2] are also available. Appellant contends that under the latter statute it is entitled to exclude from its rendition so much of its debts as will equal its receivables. In short, it is appellant's claim that it is entitled to deduct from its personal property valuation all of the debts it owes, including notes, accounts payable, etc.

The parties have agreed that if the City is correct in its contention appellant's personal property taxes for 1967 amounted to $136,180.77—$71,275 to the City and $64,904.87 to the School District; and that if the intervenors are correct in their contentions appellant's personal property taxes for 1967 due intervenors amounted to $42,666.14.

The parties have also agreed that if appellant is correct in its contentions the total amount of personal property taxes due the City and the School District for 1967 is only $24,386.93; and that the total amount of personal property taxes of appellant due the State and County for 1967 is only $8,981.

In a trial before the court without a jury judgment was entered July 12, 1969 in favor of the City for the sum of $163,416.92, including interest, and in favor of the State for $49,919.38, including interest.

The substance of appellant's three points of error is that the trial court erred in not rendering judgment for appellant because (1) the language of Art. 4.01 of the Insurance Code does not prevent appellant from excluding its debts from its personal property valuation in accordance with the provisions of Art. 7147, V.A.C.S.; (2) failure to allow appellant to exclude its debts in accordance with Art. 7147 is a violation of Art. 8, Sec. 1, of the Constitution of the State of Texas, Vernon's Ann.St.;[3] and (3) of the Fourteenth Amendment to the Constitution of the United States.[4]

We have concluded, though not without some doubt, that appellant's points of error should be overruled and the judgment of the trial court should be affirmed.

■ One of the predecessors of Art. 4.01 of the Insurance Code was Art. 5057a, V.A.C.S., which was brought forward practically intact into the Insurance Code as Art. 4.01. In Republic Ins. Co. v. Highland Park Independent School District, 129 Tex. 55, 102 S.W.2d 184, 191 (1937) the Supreme Court of Texas held (1) that Art. 5057a was exclusive; (2)

and regulations of the Board of Insurance Commissioners, for unearned premiums and for all bona fide outstanding losses, and from the remainder shall be deducted the assessed value of all real estate owned by such companies, and the remainder shall be the taxable personal property of such companies, to be assessed as other property."

2. The pertinent part of Art. 7147 is as follows:
"Personal property, for the purposes of taxation, shall be construed to include all goods, chattels and effects, and all moneys, credits, bonds and other evidences of debt owned by citizens of this State, * * * and all other debts

due such person *over and above his indebtedness.*" (Emphasis ours.)

3. The pertinent part of Art. 8, Sec. 1, of the Constitution of Texas is as follows:
"Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law."

4. The pertinent part of the Fourteenth Amendment to the Constitution of the United States is as follows:
"No State shall make or enforce any law which shall * * * deny to any person within its jurisdiction the equal protection of the laws."

that reserves (except certain types of reserves) is not "such indebtedness" as is authorized to be deducted from credits in arriving at a valuation of personal property of fire and casualty insurance companies, notwithstanding Art. 7147; and (3) that Art. 5057a is not unconstitutional.

In connection with the question of the constitutionality of the statute the court in the above opinion states, "The question is not one primarily of exemption of property from taxation, but is the fixing of a standard of *valuation* of personal property for taxation." (102 S.W.2d page 193) (Emphasis ours.)

In Hardin v. Central American Life Ins. Co., Tex., 374 S.W.2d 881, 884 (1964), the above statement is quoted with approval. Art. 8, Sec. 1 of the Constitution of Texas provides that taxation shall be equal and uniform and that all property shall be taxed in proportion to its value, and further provides that such values "shall be ascertained as may be provided by law." The court in *Hardin* further holds that the formula for determining the value of personal property as provided in Art. 4.01 of the Insurance Code does not amount to an exemption prohibited by the Constitution of Texas.

In support of its third point of error appellant cites and quotes from County of San Mateo v. Southern Pacific R. Co., 13 F. 722 (Cir.Ct.D, Cal.1882). But the City points out that under Title 26, Sections 801–843, U.S.C.A., insurance companies are taxed under separate sections according to separate formulas from other companies or individuals. See cases cited thereunder.

We consider the holdings of the Supreme Court of Texas, as cited above and hereafter as binding on this court. If Art. 4.01 does not violate the Texas requirement that taxation shall be equal and uniform it cannot be said to violate the equal protection provision of the Fourteenth Amendment to the Constitution of the United States.

In Republic Ins. Co. v. Highland Park Independent School District, 123 S.W.2d 784 (Tex.Civ.App., Dallas 1939, writ dism'd w. o. j., judgment correct, 133 Tex. 545, 125 S.W.2d 270), this court made several holdings which are material here:

1. On page 788 of the opinion it is stated that the insurance company complained that the Board of Equalization and the trial court had failed to permit the insurance company a deduction from debts due it of its debts due others under Art. 7147, V.A.C.S.—the very complaint made in this case. But the judgment of the trial court was affirmed.

2. Art. 5057a, being a special statute for the assessment of property belonging to fire insurance companies, *excludes* all other laws and methods that might otherwise be applicable (page 793 of the opinion).

3. Reserves for unearned premiums and reinsurance are deductible—that is, not taxable (pages 793–794 of the opinion).

4. Reserves for unpaid losses, taxes and reinsurance *balances* are not deductible (page 794 of the opinion).

In Republic Ins. Co. v. Highland Park Independent School District, 141 Tex. 224, 171 S.W.2d 342 (1943), the Supreme Court of Texas held that (1) reserves for unpaid losses, unpaid taxes, and reinsurance *balances* are not deductible (page 346 of the opinion); and (2) debts and liabilities which the insurance company sought to deduct from its rendition as reserves were not deductible in arriving at the company's personal property valuation (page 346 of the opinion).

In State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W.2d 238, 243 (1943), it was again held that where a special taxing statute provides its own method of assessment and collection, the general statutes are not applicable.

It was stipulated between the parties that United States Government bonds, municipal bonds and stock in Texas corporations are deductible. Appellant charges the City with inconsistency for the reason that though Art. 7163, V.A.C.S., permits deduction for corporate stock, there appears to be no authority under Art. 4.01 of the Insurance Code or any other statute permitting insurance companies to deduct municipal bonds.

In answer to the above charges the City points out that in City of Waco v. Texas Life Ins. Co., 248 S.W. 315, 318 (Tex. Comm'n App.1923), the court held that United States bonds are not taxable—this in order to avoid a conflict with the statutes of the United States. The reason for such holding, according to the City, is that taxation of such bonds would interfere with the power of Congress to borrow money and might impair if not destroy the efficiency of that power to the detriment of the Federal Government. The City says that analogous reasons require that municipal bonds should not be taxable.

In 1969 Art. 4.01 of the Insurance Code was amended. The amended statute expressly provides that "all debts of every kind and character" may be deducted from the total valuation of the entire assets. Since this amendment went into effect after 1967 it is not applicable here. But the City argues that the Legislature in amending statutes acts with knowledge of all prior decisions on the subject matter under consideration, Gabbert v. City of Brownwood, 176 S.W.2d 344, 348 (Tex.Civ. App., Eastland 1943, writ ref'd); 53 Tex. Jur.2d 275. Therefore the Legislature by its amendment recognized that prior to the amendment of Art. 4.01 of the Insurance Code in 1969, the Code did not allow all debts to be deducted from its total valuation of assets.

Appellant's three points of error are overruled. The judgment of the trial court is affirmed.